UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MARCHMOND COTTRELL**                                                                  **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:07CV-P491-M**

**DR. SCOTT HAAS** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Marchmond Cottrell, filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's official capacity money damages claims against Defendants, but will allow the remainder of his claims to proceed for further development.

Plaintiff is currently confined at the Kentucky State Reformatory in LaGrange, Kentucky. He brings this civil rights action against Dr. Scott Haas, Medical Director, and Roy Washington, ARNP Care Provider at KSR. Plaintiff has sued Defendants in both their individual and official capacities. Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to treat his nerve damage (from a past gun shot wound) and his Hepatitis C. Plaintiff alleges that he is in severe pain as a result of Defendants' failure to provide him with adequate treatment. He is seeking monetary relief as well as an injunction requiring Defendants to provide him with treatment for his conditions.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2); *McGore*, 114 F.3d at 604.

Plaintiff's official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for money damages against both Defendants must be dismissed.

The Court will allow Plaintiff's Eighth Amendment claim premised on Defendants' failure to provide treatment for Plaintiff's nerve damage and Hepatitis C to proceed against Defendants in their official capacities for injunctive relief and in their individual capacities for both injunctive relief and money damages.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Justice & Public Safety Cabinet, Office of Legal Counsel
4414.008