UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARCHMOND COTTRELL                                              PLAINTIFF

v.                                         CIVIL ACTION NO. 3:07CV-P491-M

DR. SCOTT HAAS *et al.*                                        DEFENDANTS

<u>MEMORANDUM OPINION & ORDER</u>

Plaintiff, Marchmond Cottrell, filed this civil rights action under 42 U.S.C. § 1983.  This

matter is before the Court on Defendant Haas' motion for summary judgment.  Plaintiff's motion

for extension of time to complete discovery is also before the Court.  Both motions are ripe for

adjudication.

**I.  Facts**

Plaintiff is currently incarcerated at the Kentucky State Reformatory ("KSR") in

LaGrange, Kentucky.  He brings this civil rights action against Dr. Scott Haas, Kentucky

Department of Corrections Medical Director; and Roy Washington, ARNP Care Provider at

KSR.  Plaintiff claims that Defendants violated his Eighth Amendment right to be free from

cruel and unusual punishment by failing to treat his nerve damage (from a past gun shot wound)

and his Hepatitis C.  Plaintiff alleges that he is in severe pain as a result of Defendants' failure to

provide him with adequate treatment.  He is seeking monetary relief as well as an injunction

requiring Defendants to provide him with treatment for his conditions.  Plaintiff sued Defendants

in both their individual and official capacities.  On initial review, the Court dismissed Plaintiff's

official capacity claims for money damages because as state officials and employees sued in

their official capacities for damages, Defendants are absolutely immune from liability under the

Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Defendant Haas has now moved for summary judgment. He argues that summary judgment is appropriate because outside of the grievance process, he has not been personally involved in Plaintiff's care. Plaintiff has filed a motion for extension of the discovery deadline.

## II. Plaintiff's Motion for Extension to Complete Discovery

In the Court's Scheduling Order, Plaintiff was given ample time to take discovery. Plaintiff has not come forward with any reason why he was prevented from taking discovery during this period. Additionally, as part of discovery, the Court's Scheduling Order required Defendants to turn over to Plaintiff all documents relevant to his surviving claims. Plaintiff has not alleged that Defendant Haas failed to comply with the Court's Scheduling Order. Additionally, Defendant Haas attached numerous medical records to his summary judgment motion. Plaintiff has also filed interrogatories that he served on Defendants as well as copies of his medical records and grievances related to his claims. After throughly reviewing Defendant Haas' summary judgment motion in conjunction with Plaintiff's extensive discovery submissions, the Court concludes that additional discovery is not necessary. Accordingly, the Court will deny Plaintiff's motion for an extension of the discovery deadline with respect to his claim against Defendant Haas.

## III. Defendant Haas' Motion for Summary Judgment

### A.   Standard of review

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and

of identifying that portion of the record which demonstrates the absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party

satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating

a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the

non-moving party, the non-moving party is required to do more than show there is some

"metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific

facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  "The mere existence

of a scintilla of evidence in support of the [non-moving party's] position will be insufficient;

there must be evidence on which the jury could reasonably find for the [non-moving party]."

*Anderson*, 477 U.S. at 252.

**B.    Analysis**

Defendant Haas is the Medical Director for the Kentucky Department of Corrections

("KDOC").  Defendant Haas avers that he "was never involved in providing direct patient care to

Mr. Cottrell."  Instead, as Medical Director he "serve[d] as the highest level of appeal for the

inmate grievance process and [] communicated via written correspondence with [Plaintiff]."

Plaintiff's direct medical care was "overseen by [other] physicians, advanced registered nurse

practitioners, nursing staff and physical therapists."  A review of the grievances and medical

records submitted by both Plaintiff and Defendant Haas confirms that Defendant Haas was not

Plaintiff's treating physician.  His only direct involvement in Plaintiff's care appears to have been responding to Plaintiff's grievance appeals.  Additionally, Plaintiff wrote Defendant Haas a few letters informing him of his health care issues.  As explained below, these facts are insufficient to subject Defendant Haas to liability under § 1983.

Defendant Haas' position as Medical Director does not automatically make him liable for the actions of his subordinates.  "Respondeat superior[1] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability."  *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).  Thus, the fact that Defendant Haas as Medical Director was aware of Plaintiff's complaints is not enough to subject him to liability under § 1983 for Plaintiff's medical providers' failure to provide Plaintiff with the type of treatment he desired.  *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997)

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment."  BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Likewise, Defendant Haas' adjudication of Plaintiff's medical grievances does not subject him to liability under § 1983.  There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure."  *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).  "The mere denial of a prisoner's grievance states no claim of constitutional dimension."  *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an

administrative grievance or failed to act based upon information contained in a grievance.");
*Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Because Plaintiff's allegations against Defendant Haas relate only to his role as Medical Director and arise out of his decisions to deny Plaintiff's administrative grievances, Defendant Haas is entitled to summary judgment. *See Shehee*, 199 F.3d at 300.

### IV.  Remaining Defendant

Plaintiff also sued Roy Washington.  A review of the docket sheet reveals that the Kentucky Justice & Public Safety Cabinet did not waive service for Defendant Washington. Thus, the Clerk's Office issued a summons for Defendant Washington and instructed the United States Marshals Service to effect service of process (DN 12).  The summons was returned executed showing that Defendant Washington was served on December 12, 2007 (DN 13). However, Defendant Washington has not filed an answer or otherwise entered an appearance in this matter.  Likewise, Plaintiff has not taken any action with respect to Defendant Washington.

Traditionally, when the Justice & Public Safety Cabinet does not waive service for a defendant it is because that defendant is no longer employed by the Kentucky Department of Corrections.  However, in this case the summons for Defendant Washington was sent to the Kentucky State Reformatory and was returned executed.  Accordingly, the Court is perplexed as to the status of Defendant Washington.  Accordingly, the Court will direct Plaintiff, counsel for

6

the Justice & Public Safety Cabinet, and Defendant Washington to file a report with the Court regarding Defendant Washington's status with respect to this case.

## V.  ORDER

Plaintiff's motion for extension of time to complete discovery (DN 15) is **DENIED.**

Defendant Haas' motion for summary judgment (DN 16) is **GRANTED.**  The Court will enter summary judgment in Defendant Haas' favor.

Defendant Haas' motion to suspend the deadlines in the Court's Scheduling Order until a decision on summary judgment (DN 17) is **DENIED as moot.**

**IT IS FURTHER ORDERED that within 30 days of the entry of this Order, Plaintiff, counsel for the Justice & Public Safety Cabinet, and Defendant Washington are ORDERED to file status reports with the Court with respect to Defendant Washington, the sole remaining Defendant in this action**.

Date:

cc:     Plaintiff, *pro se*
        Defendant Washington
        Counsel of record
4414.008

7